**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                   Case No. 16-20732-1

DEAN REYNOLDS,

    Defendant.

_____/

**ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS FRUITS OF ELECTRONIC SURVEILLANCE**

Defendant Dean Reynolds is charged with ten counts of bribery concerning programs receiving federal funds, *see* 18 U.S.C. § 666(a), and four counts of conspiracy to commit the same, *see* 18 U.S.C. § 371. (*See* Dkt. #158.) Before the court is Defendant's motion to suppress the fruits of electronic surveillance, which challenges the bases for three 30-day wiretap orders issued by now-retired United States District Judge Gerald Rosen. (Dkt. #176.) The government has filed a response. (Dkt. #188.) For the following reasons, the court will deny the motion.

Federal law enforcement officials may conduct electronic surveillance using a wiretap if they secure authorization as mandated by statute. *See* 18 U.S.C. §§ 2516, 2518. Relevant here, an application for authorization must contain "a full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous." § 2518(1)(c). Known as the "necessity requirement," this condition was meant to prevent the use of wiretaps where traditional investigative techniques will sufficiently

expose the suspected crime. *See United States v. Young*, 847 F.3d 328, 343 (6th Cir. 2017); *United States v. Stewart*, 306 F.3d 295, 304 (6th Cir. 2002). It requires, in other words, that those seeking a wiretap show that the wiretap is not being "routinely employed as the initial step in criminal investigation." *United States v. Landmesser*, 553 F.2d 17, 20 (6th Cir. 1977) (quoting *United States v. Giordano*, 416 U.S. 505, 515 (1974)).

But it does not require that the government "prove that every other conceivable method has been tried and failed or that all avenues of investigation have been exhausted." *United States v. Alfano*, 838 F.2d 158, 163 (6th Cir. 1988) (citation omitted). The Sixth Circuit has set forth the following summary of the necessity requirement:

> All that is required is that the investigators give serious consideration to the non-wiretap techniques prior to applying for wiretap authority and that the court be informed of the reasons for the investigators' belief that such non-wiretap techniques have been or will likely be inadequate.

*Young*, 847 F.3d at 344 (quoting *Alfano*, 838 F.2d at 163–64). "A district court has 'considerable discretion' in determining whether the requirements of § 2518(1)(c) have been satisfied." *Young*, 847 F.3d at 343 (quoting *Stewart*, 306 F.3d at 304).

Defendant argues that the application to authorize wiretaps in this case failed to meet this necessity requirement. As part of each application, the government submitted an affidavit from FBI Special Agent ("SA") Joseph Jensen; according to Defendant, the affidavits dismissed traditional investigatory techniques in conclusory or categorical fashion, and they did nothing to distinguish this case from other public corruption cases such that a wiretap order should have issued.

The court disagrees. Having reviewed the affidavits submitted to Judge Rosen (Dkt. ##189-1, -2, -3), the court has determined that Judge Rosen did not abuse his

2

discretion in finding that the necessity requirement had been satisfied. Contrary to Defendant's position, the submitted affidavits are not "conclusory" or "categorical"; they detailed several traditional investigative techniques—including confidential sources, physical surveillance, undercover agents, search warrants, grand jury subpoenas, witness interviews, trash searches, pen registers and related tools, mail cover requests, and financial investigations—and explained how each technique was falling short or would be unlikely to succeed. While each technique was accompanied by an explanation of its insufficiency, a common theme pervaded: the secretive nature of the bribery scheme, the inability of witnesses outside the scheme to divulge its details, and the real potential that more traditional investigative techniques would expose the pending criminal investigation and undermine the ability to conduct any further work.

    The affidavits, for example, described the limited usefulness of confidential informants. They detailed how one target of the investigation refused to meet with a confidential informant for six to eight months because the target believed a federal investigation was ongoing. They further noted that approaching one witness resulted in a leak of the investigation. The affidavits also described the inadequacy of a search warrant; because there is very seldom a written record of bribes, according to investigators, execution of a search warrant was unlikely to reveal evidence of any real substance. And execution of a search warrant would similarly alert target subjects that an investigation was ongoing. The investigators concluded that "[a]t best [a search warrant] would result in the seizure of documents and money from one target." These statements are neither categorical nor conclusory. They are detailed explanations of the inadequacy of traditional investigative techniques in this case. As evidenced by SA

Jensen's affidavits, the court is confident that the investigators in this case gave "serious consideration" to non-wiretap investigatory methods. The court is further convinced that Judge Rosen had adequate information on which to assess the sufficiency of non-wiretap techniques.

The court is similarly unpersuaded by Defendant's argument that the second and third affidavits failed to show that further wiretapping was necessary. Defendant argues that SA Jensen's second and third affidavits are nearly identical to the first in how they describe the inadequacy of other techniques, and thus could not have explained why *continued* use of a wiretap was necessary. But the affidavits did explain why traditional investigatory techniques continued to be inadequate: they once more described the tools in use and their inability to gather the information needed to expose the suspected crime. And Defendant also acknowledges that, as required by 18 U.S.C. § 2518(1)(f), the second and third affidavits describe the information investigators obtained during the earlier wiretaps—information that investigators and the government used to explore further target subjects and proposed to use as evidence in any eventual criminal prosecution. Each earlier wiretap, that is, revealed precisely the kind of evidence the government contended was unavailable through other techniques: the content of conversations between members of the alleged conspiracy outlining their various deals. That more traditional investigative techniques continued to be insufficient to get this evidence was at least foreseeable—and their continued insufficiency was enough to justify the subsequent orders.

Investigators gave serious consideration to traditional investigatory techniques, and Judge Rosen did not abuse his discretion in finding that those techniques were

sufficiently inadequate to justify the wiretap orders. Suppression is not warranted.

Accordingly,

IT IS ORDERED that Defendant's Motion to Suppress Fruits of Electronic Surveillance (Dkt. #176) is DENIED.

s/Robert H. Cleland                /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: May 25, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 25, 2018, by electronic and/or ordinary mail.

s/Lisa Wagner                /
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\KNP\Criminal\16-20732-1.REYNOLDS.Motion.to.Suppress.Fruits.Electronic.Surveillance.KNP.docx