## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

                           Case No. 2:16-cr-20732
                           Hon. Robert H. Cleland

v.                           Magistrate Judge Elizabeth A. Stafford

DEAN REYNOLDS

      Defendant.

_____/

## DECLARATION OF JOHN A. ("JACK") DOLAN

I, JOHN A. ("JACK") DOLAN, Township Attorney and FOIA Coordinator

of the Charter Township of Clinton, Michigan, do hereby make and respectfully

present to this Honorable Court the following Declaration:[1]

    1.    I am (and have continuously since October, 1977 been) duly licensed

to practice law in the State of Michigan.

---

1 This Declaration is made under legal authorities, including: 28 U.S.C. § 2246 (on application for writ of habeas corpus, testimonial evidence presented by affidavit in lieu of that taken orally at trial or by deposition admissible in court's discretion); 28 U.S.C. § 1732 (copies of originals of government writings kept and reproduced in regular course of business admissible in evidence to same extent as originals); F.R.E. 803(6)(B)-(E) & (8)(A)&(B)(records exceptions to hearsay rule applicable whether or not declarant available as witness); F.R.E. 901(a), (b)(1), (b)(7)(A)&(B) & (b)(10) (identifying and authenticating evidence); F.R.E. 902(4)(A)&(B), (7)(A)-(C), (8) & (10)-(14)(self-authenticating evidence); and 28 U.S.C. § 1746 (court to give unsworn declaration (made in writing and subscribed by declarant as true under penalty of perjury, dated, and in proper form (as set forth below)) same force and effect as declarant's sworn declaration).

2.     I am (and have continuously since October, 1977 been) a member in good standing of the State Bar of Michigan.

3.     I am a  member in good standing of the Government Law Section of the State Bar of Michigan.

4.     I practice (and have continuously since October, 1977 practiced) law actively and on a full-time basis in the State of Michigan.

5.     I am a principal of the law firm, York, Dolan & Tomlinson, P.C., whose office address is 22600 Hall Road, Suite 205, Clinton Township, Michigan.

6.     York, Dolan & Tomlinson, P.C., among other firms, is counsel to the Charter Township of Clinton, Michigan (hereinafter "Clinton Township" or the "Township"); I act as "Township Attorney" for Clinton Township and have done so continuously since 1977 through my current firm and predecessor versions of my current firm.

7.     Among my several responsibilities in this role are and have been to serve the Township, providing legal advice on matters assigned.

8.     I also serve the additional role as the Township's appointed "Freedom of Information Coordinator" ("FOIA Coordinator'").

9     My partner, Timothy Tomlinson, and I also provide legal services to the Cities of New Baltimore, Roseville, and of Grosse Pointe Woods, as well as to the Township of Macomb, and to Chippewa Valley Schools.

2

10.    Our firm's area of practice is municipal and local government law. The client we serve is the entity, not its officials, but our interaction is through the elected officials, employees and others involved with the Township.

11.    Because I interact with numerous people over time in connection with other boards and departments within Township government I cannot precisely identify exactly when I first met Dean Reynolds, but it was likely while he was on the Clinton Township Zoning Board of Appeals at some time before he was first elected as Clinton Township Trustee in November, 2004.

12.    I grew to know Mr. Reynolds over the course of his tenure as a Township Trustee.

13..   I was never Mr. Reynolds's personal attorney; I provided legal services to him as an elected Township Trustee, and I also may have done so while he was a member of the Township Zoning of Appeals prior to his being elected as Township Trustee.

14.    The ultimate governmental authority of the Township lies with its duly-elected Board of Trustees, which is the policy-making body of that municipality under Michigan's Charter Township Act.

15.    MCL § 42.5(1) provides, in pertinent part:

> Sec. 5 (1) Except as otherwise provided in this act, all legislative authority and powers of each charter township shall be vested in and shall be exercised and determined by a township board of 7 members

3

> composed of the supervisor, the township clerk, the township treasurer, and 4 trustees who shall be electors in the township.

16.    In a township, only the township board has authority to enter into a contract or delegate the power to enter into a contract. Those dealing with a township should take notice that a Trustee, individually, has no power to bind the Township contractually or delegate authority to bind the township contractually. *Johnson v. City of Menominee*, 173 Mich. App. 690, 693-695 (1988).

17.    The Township Board of Trustees is a seven-member Board. By statute, each member present at a meeting of the Board is required to vote on all matters coming before the Board absent unanimous consent of other members present to abstain. MCL § 42.7(6).

18.    To the best of my knowledge and belief, on the solid waste contract with Rizzo Environmental Services, Inc. ("RES"): a) our contract price was lower than those of all neighboring municipalities, to the best of my knowledge; b) I was never aware of any problems with the quality and level of services that the incumbent bidder, RES, had been providing the Township that would rise to the level of concern during the bid award process.

19.    When RES bid, its bid was always the lowest – both on its original contract and on the renewal of that contract; to the best of my knowledge RES had always been the lowest bidder.

4

20.     To the best of my knowledge, at all times when bidding RES was considered by the Township Board to be a qualified and responsible bidder.

21.     Among my duties as Township Attorney I personally attend all meetings of the Board of Trustees (except on rare occasion).

22.     I have personal knowledge of, and am competent to testify to, all facts stated in this Declaration, other than on matters designated herein to be made only on information and belief. If called as a witness, I would testify as to, and consistent with, all facts stated herein. I was just as fully competent to testify to these facts at the time of Reynolds's trial in the above-captioned criminal case June, 2018, and would have so testified then had I been called to do so then.

23.     I am informed and believe that in June, 2018 this Honorable Court presided over the jury trial on criminal charges brought by the federal government against former Township Board member Reynolds in *United States of America v Dean Reynolds*, the above-entitled proceeding.

24.     In particular, I am informed and believe that the trial was on charges against Reynolds for corruption by an officer of a unit of local government receiving federal funds, namely, by acting contrary to:

> a) 18 U.S.C. § 666(a)(1)(B)(bribery concerning programs receiving federal funds); and
>
> b) 18 U.S.C. § 371 (conspiracy to commit bribery concerning programs receiving federal funds).

5

25. I am informed and believe that the trial led to the jury's return of a guilty verdict on all counts. Thereupon, this Honorable Court adjudged Reynolds criminally responsible on all counts submitted to the jury.

26. Further, as I am informed and believe, this Honorable Court adjudged Reynolds guilty of one additional count, that is, a count for obstruction of justice (that the Court added after the jury returned its verdict on the original set of counts).

27. I am informed and believe the Court sentenced Reynolds to imprisonment for a total term of not less than seventeen years.

28. Further I am informed and believe that Reynolds remains detained at the Milan Federal Correctional Institution in Milan, Michigan, under control and authority of the United States Bureau of Prisons.

29. No one ever asked me to provide records or testimony at Reynolds's trial or after his trial.

30. Clinton Township attorney, Barry Powers, under Michigan's FOIA, MCL § 15.231, *et seq*., requested the Township produce certain Township records, including the Township's competitive bidding and purchasing policies. As the Township's FOIA Coordinator, that request came to me in the normal course.

31.    The Township duly responded by providing to Powers, through my office, a set of Township records. A complete copy of all of the papers I produced on behalf of the Township to Powers is attached as *composite Exhibit 1* hereto.

32.    Those documents in composite Exhibit 1 pertain, in general, to Township policies, resolutions and other records in effect during the twelve-year period of tenure of former Board member Reynolds on the Township Board of Trustees (i.e., 2004 – 2016).

33.    Composite Exhibit 1 is a true and accurate copy of the set of all public records of the Township that the Township produced through my offices in response to Powers' FOIA request.

34.    I have personal knowledge of the keeping, selection, and producing of these public records.

35.    With and under such authority granted to me in my dual capacities as both Township Attorney and Township FOIA Coordinator, which includes the related capacity as custodian of Township records, I do hereby certify that the copy of the set of papers attached as composite Exhibit 1, to the best of my knowledge and belief, is complete, authentic and accurate in its entirety and that this set of papers comprises the entirety of all written policies of the Township on competitive bidding and the awarding of public contracts to the lowest responsible bidder, as

well as all documents directly related thereto currently held and maintained as a part of Township records.

36. I further hereby certify that, to the best of my knowledge and belief:

> a) it is comprised solely of records of the Township made, recorded, and kept in the regular course of the Township's business and activities; and
>
> b) the Township caused these papers to be copied in and as part of its regular course of business.

37. The official policy of the Township on public contracts is and was, during the entire time Reynolds was on the Board, as contained in the subject resolutions, provides that, as a general Township policy, all public contracts are to be awarded, under a competitive bidding process, to the lowest responsible bidder. The Clinton Township "Resolution Establishing Competitive Bidding Policy" (January 24, 1994) provides, in pertinent part, at p. 6, ¶9:

> Award of Contract. The Township Board shall have the authority to award contracts deemed by the Township Board to be in the best interest of the Township. As a general policy, contracts shall be awarded to the lowest responsible bidder . . . .

*Township Resolution Establishing Competitive Bidding Policy* (January 24, 1994) (*composite Exhibit 1*) at p. 6; *Charter Township of Clinton Purchasing and Bid Policies and Procedures* (August 28, 2006)(*composite Exhibit 1*) at p. 13 (for contracts of $7,500 or more, bids to be secured subject to "Township Resolution Establishing Competitive Bidding Policy (January 24, 1994)"; all contracts must be

8

awarded by a competitive process and awarded only to vendors proven to be responsible. *Id.* (*composite Exhibit 1*) at p. 12; *see also Charter Township of Clinton, Macomb County, Michigan, Purchasing and Bid Policies and Procedures* (contained within email memorandum received from Norm Troppens, then Township Finance Director, dated January 30, 2008) (*composite Exhibit 1)* at pp. 19-20 (same).

38.     The official policy of the Township on ethical conduct during Reynolds's tenure on the Board provided:

> Any attempt to realize personal gain through public procurement by conduct inconsistent with the proper discharge of the employee's duty is a breach of public trust. Any effort by a vendor to influence any public employee or unethical conduct is also a breach of ethical standards. It shall also be a breach of ethical standards for any individual, including an elected or appointed official, drawing a salary or wage from the Township, to become or be an employee or to have a financial interest in any entity contracting with the governmental body. Financial interest is defined as ownership of any interest or involvement in any relationship from which, or as a result of which, a person within the past year has received or is presently or in the future entitled to receive, more than $100.00 per year, or its equivalent; ownership of 5% or more of any property or business; or holding a position in a business such as officer, director, trustee, partner, employee, or the like, or holding any position of  management. Any potential conflict must be disclosed to the Township Board of Trustees. The Board of Trustees may allow for an exception to this rule by a majority vote.

*Id.* at 21; *see also id.* at 14 (same).

39.     The Township had a contractual relationship with Giffels-Webster Engineers, Inc. ("Giffels-Webster") that was in effect, upon information and belief, while Paulin Modi was a principal of Giffels-Webster and Mr. Reynolds was a Trustee.

40.     At no time during the period June, 2012 to June 2013 was I aware, from any source, that there was a possibility that the Township would terminate, diminish, or effect any change whatsoever in its contractual relationship with Giffels-Webster.

41.     The Township had a contract with the RES for solid waste disposal, recyclables, and compost while Charles Rizzo was a principal of RES and Mr. Reynolds was a Trustee.

42.     I am not aware of RES having any contracts with the Township other than those concerning the hauling and disposal of solid waste, recyclables and compost as recited in the RES contract documents and as briefly discussed above..

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on this 31st day of October, 2022.

/s/John A. Dolan
JOHN A. ("JACK") DOLAN

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.

DEAN REYNOLDS

      Defendant.

_____/

Case No. 2:16-cr-20732
Hon. Robert H. Cleland
Magistrate Judge Elizabeth A. Stafford

## COMPOSITE EXHIBIT 1

## TO

## DECLARATION OF JOHN A. ("JACK") DOLAN

### October 31, 2022

EXCEPT FOR THE PORTIONS OF THIS POLICY RELATING TO PROCEDURES
TO BE FOLLOWED WHEN OBTAINING SEALED BIDS, THIS POLICY HAS BEEN
SUPERCEDED BY THE DOCUMENT ENTITLED "PURCHASING AND BID
POLICIES AND PROCEDURES" ADOPTED DECEMBER 21, 2004 AND REVISED
SEPTEMBER 4, 2007.

### CHARTER TOWNSHIP OF CLINTON
MACOMB COUNTY, MICHIGAN

### RESOLUTION ESTABLISHING COMPETITIVE BIDDING POLICY

At a regular meeting of the Charter Township of Clinton Board
of Trustees held on the _24TH_ day of January, 1994, in the Township
Civic Center located at 40700 Romeo Plank Road, Clinton Township,
Michigan, 48038, commencing at 6:30 o'clock p.m.

PRESENT:   MEMBERS _SINNAMON, TOMLINSON, STEINER, CANNON, CONTESTI,_

_____ DEDENBACH, HORNUNG _____

ABSENT:   MEMBERS _NONE_ _____

WHEREAS, Public Acts 167 and 168, 1993, MCL 206.481(8), MCL
208.136(5), each respectively provide for competitive bidding as
follows:

> "A city, village, township, or county is not
> eligible for payment under subsection 1,
> unless that local unit of government requires
> sealed competitive bidding for any contract of
> $20,000 or more except a contract for
> professional services or emergency repairs or
> services exempted pursuant to a written policy
> adopted or approved by the governing body of
> the local unit of government. This section
> shall not apply to transactions between
> governmental units."

WHEREAS, the Charter Township of Clinton is desirous of
establishing a policy setting forth competitive bidding procedures
and providing exemptions which are deemed to be necessary for the
protection of public safety, health and welfare; and

WHEREAS, the Department of Treasury has requested that a copy
of the Resolution or other evidence of compliance with the
aforementioned acts be provided on or before January 31, 1994.

000001

NOW, THEREFORE, upon motion by Member ___TOMLINSON___ and supported by Member ___DEDENBACH___, IT IS RESOLVED:

1. **Competitive Bidding Required**. The Township Board shall solicit sealed bids for all contracts for which the Township Board anticipates a total obligation of Twenty Thousand ($20,000.00) Dollars, or more, unless otherwise exempted pursuant to this Resolution.

2. **Exceptions**. This policy shall not apply with respect to the following situations:

   a. Intergovernmental contracts.

   b. Contracts for professional services. Examples are accounting, engineering and legal services.

   c. Contracts for emergency repairs.

   d. Change orders, additions or extensions to existing contracts where the Township Board or the authorized delegated agent if the Township Board determines that such action is reasonably necessary to meet the principal objectives of the original contract to be performed.

   e. Renewals of insurance contracts or other contracts where the Board makes one or more of the following determinations:

      (i) That renewal will assure that goods or services will be made available which otherwise reasonably may be unavailable at a

2

000002

reasonable cost as the result absence of a long-standing contractual relationship.

(ii) Where a renewal will provide for a long-term cost savings or long-term cost savings and additional services which otherwise are unavailable through competitive bidding.

(iii) Where a renewal will provide goods or services at a reasonable cost and avoid inconvenience and cost associated with changes in equipment, fixtures, or procedures resulting in costs associated with replacement, installation, training and other related changeover costs.

f.   Contracts with utilities including but not limited to telephone service.

g.   Contracts involving unique items, such as a particularized item of used equipment or demonstration item where no reasonable market exists for procuring additional quotes for substantially similar items.

3.   **Notice Inviting Bids**.  An invitation to bid shall be developed by the department head initiating the purchase.  The invitation to bid shall be published in a newspaper of general circulation in Macomb County and/or a trade publication of the industry used for publishing bids associated with the good or service solicited.   The invitation shall include a general description of the items to be purchased or service to be

3

000003

performed, identification of where bid specifications may be secured, the date and hour for receipt of bids and the time and place for opening of bids and other pertinent information as determined necessary by the department head.   Notice shall be published at least five (5) days preceding the last day for receipt of bid proposals.

4.   <u>Specifications for Bid</u>.   The request for bid form shall be prepared and approved by the department head of each department initiating the purchase and shall provide the following information as appropriate:

      a.   Description of item to be purchased or sold.

      b.   Commencement date or delivery date.

      c.   Termination date or completion date.

      d.   Required bidder's qualifications.

      e.   Warranties required.

      f.   References required.

      g.   Performance bonds or insurance required.

      h.   Whether alternative quotes are permitted, and if so, terms and conditions.

      i.   Assignment of responsibility for permit fees or any other incidental costs

      j.   Deadline to submit bids.

      k.   Address to which bids are to be submitted.

      l.   Date, time and place bids will be open.

      m.   All requests for bids shall include a statement that the Charter Township of Clinton Board of

4

Trustees reserves the right to accept or reject any or all bids, to waive any errors in the bid process or bid procedures and to accept any bid deemed to be in the best interest of the Township, including bids that are not for the lowest price.

5.   **Bid Deposits**.  When necessary, the department head may require a bid deposit which shall be set forth in the public notice inviting bids.  Unsuccessful bidders shall be entitled to a return of the deposit.  Any bidder who has failed to enter into a contract within ten (10) days after award and notice shall forfeit the bid deposit and the bid shall be deemed withdrawn.

6.   **Bid Opening Procedure**.  The following procedure shall be followed:

a.   **Sealed Bids**  - Bids shall be submitted sealed as set forth in the public notice and identified as bids on the envelope.  The date and hour of receipt shall be recorded on the bid.

b.   **Bid Opening** - Bids shall be opened in public at the time and place stated in the public notice.

c.   **Bid Tabulation** - Bids shall be tabulated following opening and the results shall be posted for public inspection and made available upon request to interested bidders.

7.   **Rejection of Bids**.  The Township Board reserves the right to reject any and all bids.

5

000005

8.   __Bidder in Default to Township__.  The Township shall not accept or award the bid of any person, firm, or corporation who is known to be in default on the payment of taxes, licenses, or other monies due to the Township, or is in violation of Township ordinances or has outstanding issued violations unsatisfied, or who is known to be an officer, partner, shareholder, or director of any person, firm or corporation who is similarly in default or in violation of ordinances, unless deemed to be in the best interest of the Township.  Disqualified bidders shall be provided notice of disqualification at least seven (7) days prior to the date for last receipt for bids.

9.   __Award of Contract__.  The Township Board shall have the authority to award contracts deemed by the Township Board to be in the best interest of the Township. As a general policy, contracts shall be awarded to the lowest responsible bidder.  In addition to price, in determining the lowest responsible bidder, the Board shall consider:

   a.   The ability, capacity, and skill of the bidder to perform the contract or provide the service

   b.   Whether the bidder can perform the contract or provide the service promptly within the time specified without delay, interference, or any claim for additional compensation.

   c.   The character, integrity, reputation, judgment, experience, and efficiency of the bidder.

   d.   Quality of performance in previous contracts and services.

000006

6

e. Continuity of performance and previous experience with the Township.

f. The previous and existing compliance by the bidder with laws and ordinances relating to contract or service.

g. The sufficiency of financial resources and ability of bidder to perform the contract or provide the service.

h. The quality, availability, and adaptability of supplies or contractual services to the particular use or service required.

i. The ability of the bidder to provide future maintenance and service for the use or service of the contract.

j. The number and scope of conditions attached to the bid.

k. The duration of a previous contractual relationship with the Township, timeliness, and quality in contract administration and issue resolution.

l. Other reasonable issues as determined to exist by the Township Board.

10. **Award to Other Than Lowest Cost Bidder**. When an award is not given to the lowest cost bidder, the Board shall indicate reasons for awarding the contract elsewhere.

11. **Local Vendor Preference**. Where bids of a substantially similar amount are received, the Township may elect to award to a local bidder who is either a resident of the Township or has substantial business facilities located within the Township or

7

000007

otherwise performs a substantial amount of business within the Township.

12. **Performance Bonds**. The department head shall have authority to require a performance bond in an amount reasonably necessary to protect the best interest of the Township.

13. **Prohibition Against Subdivision**. No contract or purchase shall be subdivided to avoid the requirements of this Resolution.

14. **Minimum Number of Bids**. Wherever possible, all items bid under this policy shall be based on at least three competitive bids. Where less than three bids are received, an explanation by the department head shall be furnished to the Township Board.

15. Clerk of the Charter Township of Clinton is authorized and directed to publish a copy of this Resolution in the Macomb Daily, a newspaper of general circulation within the Township, within fifteen (15) days following the adoption thereof.

16. All resolutions and parts thereof in conflict in the previous bid policy adopted April 24, 1989, are deemed to be repealed only to the extent necessary to give full force and effect to this Resolution.

AYES____ TOMLINSON, CONTESTI, STEINER, HORNUNG, DEDENBACH, CANNON, SINNAMON____

NAYS____ NONE____

ABSENT___ NONE____

This Resolution declared adopted

DENNIS C. TOMLINSON, Clerk
Charter Township of Clinton

000008

8



**Charter
Township
of Clinton**

September 5, 2006

**OFFICERS:**
Robert J. Cannon
Supervisor
Dennis C. Tomlinson
Clerk
William J. Sowerby
Treasurer

**TRUSTEES:**
George Fitzgerald
Ernest O. Hornung
Dean Reynolds
Jenifer West

Ms. Mary Ann Hosey
Administrative Aide
Charter Township of Clinton
40700 Romeo Plank Road
Clinton Township, MI 48038

RE:   Recommendation to Adopt Purchasing & Bid Policies and
      Procedures & Travel and Expense Reimbursement
      Polices and Procedures

Dear Ms. Hosey:

Please be advised the Charter Township of Clinton Board of
Trustees, at their Regular Meeting held on August 28, 2006,
received, filed, and concurred with your correspondence dated
August 18, 2006 and adopted the above captioned policies and
procedures as submitted.

Sincerely,

DENNIS C. TOMLINSON, Clerk
Charter Township of Clinton

DCT/to
(#16)

cc:   Subject File
      Meeting File
      E-Mail Distribution List

**CIVIC CENTER**
40700 Romeo Plank Road
Clinton Twp., MI 48038-2900
Phone: (586) 286-8000
Fax: (586) 226-1770

000009



### Charter Township of Clinton
## PURCHASING AND BID POLICIES AND PROCEDURES

**SCOPE**

These *Purchasing Policies and Procedures* apply to all employees, appointed members of Township Boards and Commissions and elected officials of the Charter Township of Clinton.

**PURPOSE**

Cost containment and effective use of all Township resources is a top priority for the Township. This document states Township policy regarding procurement of supplies or services and establishes procedures to support an audit trail that is imperative for good internal controls. In addition, it outlines ethical standards for the conduct of both employees and vendors who seek to do business with the Township.

**RESPONSIBILITIES**

- The Township Board is responsible for establishing this Policy
- Department Heads and authorized approvers are responsible for understanding and applying this Policy
- The Township is responsible for reimbursing vendors for necessary expenses in a reasonable amount of time.
- The Township assumes no obligation to reimburse vendors for expenses that are not in compliance with this Policy.

Employees who do not comply with this Policy are subject to disciplinary action, thus it is imperative that all Township employees authorized to make purchases on behalf of the Township fully understand the *Purchasing Policies and Procedures* before incurring expenses that may require payment.

**DEFINITIONS**

Contract is deemed any type of agreement, regardless of title for the procurement of supplies, services or construction (e.g. purchase orders and contract forms).

Department Head as referred to in this document are those individuals who have budget responsibility and generally include the following:
Supervisor, Treasurer, Clerk, Administrative Aide, Finance Director, Human Resources Director, Information Technology Director, Cable Director, Senior Citizens Director, Assessor, Building Director, Civil Service Director, DPW Director, Engineer, Fire Chief, Police Chief, Planning Director, Recreation Director, Water & Sewer Director, and Elections Coordinator.

Originator refers to an employee who initiates a requisition for payment.
**LAWFUL EXPENDITURES**

To safeguard against improprieties and to ensure that the township is operating lawfully and properly, **all expenditures must serve a valid public purpose and be authorized – either expressly or fairly implied – by law.**

LITMUS TEST FOR DETERMINING THE LEGALITY OF A GOVERNMENT EXPENDITURE:

1. The expenditure is authorized by statute.
2. The expenditure is provided for in the General Appropriation Act (approved budget) of the Township.
3. The Township receives something of specific value in return for an expenditure that achieves a public policy or benefits the entire township. (Article IX, S18 of MI Constitution)

COMMON EXPENDITURES WITH SPECIAL STATUTORY PROVISIONS

- Newsletter to disseminate factual, unbiased information regarding township improvements, activities and functions. (MCL 41.110c)
- Observances, under the control of the Township, to celebrate armistice, independence, memorial days, diamond jubilee or centennials.
- Membership dues to governmental associations that advise, inform and educate officials and employees.
- Meals and refreshments deemed a public purpose. . .
  1. when working extended hours for emergency services by firefighters, police officers, and other emergency related employees;
  2. when dedicating public buildings;
  3. as part of the cost of training volunteers to perform emergency services within the township; or
  4. when part of authorized seminar of an educational nature to officials and employees.
- Registration fees, lodging, travel for attendance at useful public informational or educational workshops and seminars.

UNLAWFUL EXPENDITURES BY A GOVERNMENTAL UNIT

- Office Refreshments (coffee, donuts, sandwiches) during normal working hours is considered personal and improper.
- Retirement functions and recognition dinners for employees or officials
- Office picnics
- Flowers to the sick or departed
- Mileage to/from residence to the township customary work site or meeting rooms

## SELECTION OF VENDORS

In doing business with private vendors employees should follow two basic principles underlying the Township's policy:

1. <u>Contracts are to be awarded by a competitive process whenever possible</u>. Open competition ensures that all qualified vendors have the opportunity to sell to the public sector.
2. <u>Contracts are to be awarded only to vendors proven to be responsible,</u> as measured by such things as:
   a. Adequate financial resources to carry out the contract commitments
   b. Ability to comply with delivery requirements
   c. Satisfactory record of performance
   d. Satisfactory record of integrity
   e. Ability to secure adequate bonding and insurance if appropriate to the contract
   f. Being otherwise qualified and eligible.

## TOWNSHIP CONTRACTS WITH PRIVATE BUSINESS

### Manufactured Goods
This includes any item used in the normal operations of the Township by one or more departments. The purchase of these items is handled in accordance with the vendor of choice negotiations for that fiscal year, if applicable, and by individual departments unless otherwise noted.

- Office & operating supplies
- Furniture
- Printed Materials
- Paper Products
- Copiers, Facsimile Machines, Telephone Systems, Computers (IT Dept.)
- Vehicles
- Capital Equipment
- Medical Supplies & Equipment
- Law Enforcement Products
- Recreational equipment
- Refreshments for programs of a public nature/benefit

### Contracts for Services
- Recreational Facilities/Equipment
- Design and Construction of Capital Projects (Architectural, Engineering, Construction Management or General Contractor Services)
- Personal Service (maintenance, automobile service, etc.)

### Fluctuating Commodities
- Gasoline or diesel fuel (Sterling Heights consortium)
- Utilities, internet, phone and cable services

## PROCUREMENT EXPECTATIONS

**Research of Competitive Prices for purchases of $0 – $499.99**

All departments are expected to make use of the internet, catalogs, sale papers and/or telephone query to ensure good value in their procurement of services or supplies. Employee work time is valuable and should not be used "to drive around" in search of the best deal. Shipping & delivery are to be a part of all quotes. Department Head approval, or their designee, is required for all purchases.

**Competitive Quotes for purchases of $500 to $7499.99**

Three quotations are to be secured by the department seeking service or supplies. The award can be made after the evaluation of the quotes without approval of the Township Board only if there are available dollars in the approved budget. Quotes must be documented and attached to the request for payment.

**Sealed Bids for all contracts for which the Township Board anticipates a total obligation of $7,500 or more.**

A minimum of three sealed bids are secured through formal quotations subject to the requirements in the *Township Resolution Establishing Competitive Bidding Policy* (January 24, 1994). Bids shall be opened in public at the time and place stated in the public notice. Where less than three bids are received, a written explanation by the department head shall be furnished to the Township Board. The Township Board has sole authority to accept or reject any and all bids.

**Exceptions to the Competitive Bidding Requirement**

1. Intergovernmental contracts.
2. Contracts for professional services.
3. Emergency purchases of supplies or services when a threat to public health, welfare or safety exists. In each instance as much competition as is practical under the circumstances shall be factored into the decision. Written documentation specifying the nature of the emergency must be included in the contract file and approved on a retrospective basis.
4. Change orders, additions or extensions to existing contracts where the Township Board determines that such action is reasonably necessary to meet the principal objectives of the original contract to be performed.
5. Renewals of insurance contracts or other contracts where the Board makes one or more of the following determinations:
    a. Renewal will assure that goods or services will be made available which otherwise may be unavailable at a reasonable cost as the result of absence of a long-standing contractual relationship.
    b. Renewal will provide a long-term cost savings or long-term cost savings and additional services which otherwise are unavailable through competitive bidding.

    c. Renewal will provide goods or services at a reasonable cost and avoid inconvenience and cost associated with changes in equipment, fixtures, or

procedures resulting in costs associated with replacement, installation, training and other related changeover costs. (E.g., computer software)
6. Contracts with utilities including but not limited to telephone service.
7. Contracts involving unique items, such as a particularized item of used equipment or demonstration item where no reasonable market exists for procuring additional quotes for substantially similar items.

## COOPERATIVE PURCHASING & BULK MAIL

When possible, the method of purchasing in cooperation with political subdivisions to obtain items off cooperatively bid state and local contracts should be used. This method should incorporate the Township's procurement policies and procedures.

The United States Postal Service Bulk Mail options should be utilized whenever possible. The Township has Permits for First-class Presort mail, Standard Mail, and Business Reply Mail (postage-paid return).

## PAYMENT POLICY

The Township will seek to make payment within thirty (30) days under normal circumstances and barring any provisions to the contrary in the contract. Vendor invoices should indicate purchase orders when applicable and must be authorized by the appropriate department head, with final approval being given by the Board of Trustees for all bills.

Early check releases are allowed on recurring bills payments (e.g. utilities, insurance & communications plans) to avoid late payment charges and in other limited circumstances when a written request by the originating Department is made, stating the reason for early release. A request for early release must be approved by both the Finance Director and Treasurer, or their designees.

## ETHICAL CONDUCT

Any attempt to realize personal gain through public procurement by conduct inconsistent with the proper discharge of the employee's duty is a breach of public trust. Any effort by a vendor to influence any public employee or unethical conduct is also a breach of ethical standards. It shall also be a breach of ethical standards for any individual, including an elected or appointed official, drawing a salary or wage from the Township, to become or be an employee or to have a financial interest in any entity contracting with the governmental body. Financial interest is defined as ownership of any interest or involvement in any relationship from which, or as a result of which, a person within the past year has received or is presently or in the future entitled to receive, more than $100.00 per year, or its equivalent; ownership of 5% or more of any property or business; or holding a position in a business such as officer, director, trustee, partner, employee, or the like, or holding any position of management. Any potential conflict must be disclosed to the Township Board of Trustees. The Board of Trustees may allow for an exception to this rule by a majority vote.

## ACCOUNTING PROCEDURES

## Requisitions

Under almost all circumstances, a requisition must be created within the MUNIS financial system to initiate a purchase. It is the responsibility of the originator of the requisition to ensure that all appropriate information is forwarded and accurate. Once the requisition has been entered it will be forwarded electronically to an authorized approver within the department. Each required approver, beginning with the lowest level of approval to the highest, will be alerted by the MUNIS program that a requisition is awaiting approval. Approval of a requisition is completed on-line in the MUNIS program by an authorized individual within the department.

The following items **do not** require purchase requisition and order, but must include appropriate back-up documentation showing proof of service or payment/overpayment:

a. Refunds (require copy of department's original receipt of payment)
b. Personal expense reimbursements (according to Travel & Expense Reimbursement Policy)
c. Utility & Phone bills
d. Mandated payments (bonds, leases)
e. Membership dues, Subscriptions
f. Contractual payments
g. Purchasing Card expenditures

## Purchase Orders

Once a requisition is generated, completed and approved, it will be converted by the originator to a purchase order (PO), then posted and printed out. The purchase order will be used to support payment for goods and services once they are received and/or completed.

When the purchase order is posted, an encumbrance is posted to the general ledger account and the remaining budget is reduced by the amount of the purchase order. It is the responsibility of each approver to maintain the status of all purchase orders within the department. A purchase order remains open in MUNIS until such time as an invoice is received and entered for payment.

When the original invoice is received, it should be initialed by the department head or their designated approver and forwarded to the Accounting department with the purchase order attached. If an invoice is received without a purchase order attached (see above exceptions), the invoice will be returned to the department for proper documentation. Once the PO and invoice is received in Accounting, it will be entered for payment and made ready for approval at the next Board meeting. The check will be released or mailed on the next business day following the Board meeting.

If there are changes to the amount of the purchase order, the correct amount should be written on the purchase order. If the purchase order is being partially paid, this should be noted on the purchase order so that the remaining balance is left open.

## Authorized Purchasing Agents of the Township

Department Heads are responsible for identifying those individuals who are authorized to make purchases on behalf of the Township, initiate and approve requisitions, generate purchase orders and authorize payment. Department Heads must advise the Accounting Office, in writing (electronic notification is acceptable), of the individuals who have been authorized to act at each step in their process. The Accounting Office shall document and code the department's process into the MUNIS program, and provide the Treasurer's Office with a current list of payment approvers for internal auditing purposes.

As employees transition into or out of the Township, or take various forms of vacation or leave, changes to the department's process will need to be implemented. Changes may be temporary in nature, long-term, or permanent. In all instances, departments must notify the Accounting Office in writing (electronic notification is acceptable) of changes in their process at least one week prior to the needed change. Documentation should include the period of time that the change will be in effect. The Accounting Office will make the necessary changes in the MUNIS program and notify the Treasurer's Office of the change in payment approvers. Failure to request appropriate changes in advance could result in a delay in purchasing goods and paying outstanding invoices.

**Storage of purchasing/payment documentation**
Original invoices, receipts and payment documentation will be filed in the Accounting office and made available for viewing or copying whenever needed by departments.

**Purchases Under $10**
Purchases under $10.00 should be made with petty cash or the Township Purchasing Card. Petty cash reimbursements will not require a purchase order but expenditures are to be individually listed on the Township Petty Cash Reporting Form with original itemized receipts attached.

**Blanket Orders**
Blanket purchase orders are used for repetitive items consumed over an annual period and are allowed within the program. No commitment is made other than for goods and/or services ordered. When the blanket purchase order has been completely spent, a new blanket requisition will be required at that time to accommodate additional purchases from that account.

**Invoice Submission/Late Fees**
Department Heads are responsible for the approval and submission of all invoices within 5 days of receipt to ensure adequate turn-around time for payment within thirty (30) days. Frequent late fees incurred as a result of a department's tardy submission of invoices can result in disciplinary action.


**Tax Exemption**

Department Heads are responsible for checking all invoices to ensure that we are not charged sales tax. Copies of the Township tax exempt form are available from the Accounting department.

**Auditing of Invoices**
All invoices are subject to audit. Audits will confirm lawful township purpose of expense, supporting documentation (original itemized invoices/receipts), department head approval and bidding policy compliance when applicable.

It is the responsibility of the approving department head to ensure the completeness of all documentation submitted for payment. Receipts must be provided for all expenditures and are to be reviewed prior to an expense report being approved.

Errors found as a result of audit will require corrective measures to be taken by the approving department head. Ongoing errors/incomplete documentation being submitted by a department head, disregard for Township Policy, or altering of receipts will result in disciplinary action up to and including termination.

## ANNUAL LIST OF VENDORS OF CHOICE

The Township will identify items that are repetitively consumed township-wide over an annual period and negotiate annually for the best possible pricing available for the collective purchases. All departments, including Police and Fire, will be required to utilize the vendors of choice where identified.

Items to be negotiated for a preferred vendor:
a. Office supplies
b. Copy paper, regular envelopes
c. Toilet paper, C-fold paper towels
d. First Aid supplies
   Note: Only those supplies required for emergency first aid are to be purchased, not convenience items for employees that may in fact carry liability issues when dispensed.
e. Fire Extinguisher annual checks
f. Printing of non-specialized items
   Examples: business cards, flyers, township stationery & envelopes

**Jack Dolan**

| | |
|---|---|
| **From:** | Norm Troppens [n.troppens@clintontownship-mi.gov] |
| **Sent:** | Wednesday, January 30, 2008 2:42 PM |
| **To:** | Jack Dolan |
| **Cc:** | Norm Troppens |
| **Subject:** | Emailing: PURCHASING AND BID POLICIES AND PROCEDURES |

CHARTER TOWNSHIP OF CLINTON, MACOMB COUNTY, MICHIGAN

PURCHASING AND BID POLICIES AND PROCEDURES

Scope

These Purchasing Policies and Procedures apply to all employees, appointed members of Township Boards and Commissions and elected officials of the Charter Township of Clinton.

Purpose

Cost containment and effective use of all Township resources is a top priority for the Township.  This document states Township policy regarding procurement of supplies or services and establishes procedures to support an audit trail that is imperative for good internal controls.  In addition, it outlines ethical standards for the conduct of both employees and vendors who seek to do business with the Township.

Responsibilities

*    The Township Board is responsible for establishing this Policy
*    Department Heads and authorized approvers are responsible for understanding and applying this Policy
*    The Township is responsible for reimbursing vendors for necessary expenses in a reasonable amount of time.
*    The Township assumes no obligation to reimburse vendors for expenses that are not in compliance with this Policy.
Employees who do not comply with this Policy are subject to disciplinary action, thus it is imperative that all Township employees authorized to make purchases on behalf of the Township fully understand the Purchasing Policies and Procedures before incurring expenses that may require payment.

Definitions

Contract is deemed any type of agreement, regardless of title for the procurement of supplies, services or construction (e.g. purchase orders and contract forms).
Department Head as referred to in this document are those individuals who have budget responsibility and generally include the following:

Supervisor, Treasurer, Clerk, Administrative Aide, Finance Director, Human Resources Director, Information Technology Director, Cable Director, Senior Citizens Director, Assessor, Building Director, Civil Service Director, DPW Director, Engineer, Fire Chief, Police Chief, Planning Director, Recreation Director, Water & Sewer Director, and Elections Coordinator.

Originator refers to an employee who initiates a requisition for payment.

Lawful Expenditures

To safeguard against improprieties and to ensure that the township is operating lawfully

000018

and properly, all expenditures must serve a valid public purpose and be authorized —
either expressly or fairly implied — by law.

Litmus Test for determining the legality of a government expenditure:

1.                 The expenditure is authorized by statute.
2.                 The expenditure is provided for in the General Appropriation Act
(approved budget) of the Township.
3.                 The Township receives something of specific value in return for an
expenditure that achieves a public policy or benefits the entire township. (Article IX,
S18 of MI Constitution)

Common expenditures with special statutory provisions

·                 Newsletter to disseminate factual, unbiased information regarding
township improvements, activities and functions.  (MCL 41.110c)
·                 Observances, under the control of the Township, to celebrate
armistice, independence, memorial days, diamond jubilee or centennials.
·                 Membership dues to governmental associations that advise, inform and
educate officials and employees.
·                 Meals and refreshments deemed a public purpose. . .
1.                 when working extended hours for emergency services by
firefighters, police officers, and other emergency related employees;
2.                 when dedicating public buildings;
3.                 as part of the cost of training volunteers to perform
emergency services within the township; or
4.                 when part of authorized seminar of an educational nature
to officials and employees.
·                 Registration fees, lodging, travel for
attendance at useful public informational or educational workshops and seminars.

Unlawful expenditures by a governmental unit

·                 Office Refreshments (coffee, donuts,
sandwiches) during normal working hours is considered personal and improper.
·                 Retirement functions and recognition dinners
for employees or officials
·                 Office picnics
·                 Flowers to the sick or departed
·                 Mileage to/from residence to the township
customary work site or meeting rooms

Selection of Vendors

In doing business with private vendors employees should follow two basic principles
underlying the Township's policy:
1.    Contracts are to be awarded by a competitive process whenever possible. Open
competition ensures that all qualified vendors have the opportunity to sell to the public
sector.
2.    Contracts are to be awarded only to vendors proven to be responsible, as measured by
such things as:
     a.    Adequate financial resources to carry out the contract commitments
     b.    Ability to comply with delivery requirements
     c.    Satisfactory record of performance
     d.    Satisfactory record of integrity
     e.    Ability to secure adequate bonding and insurance if appropriate to the
contract
     f.    Being otherwise qualified and eligible.

Township Contracts with Private Business

Manufactured Goods

This includes any item used in the normal operations of the Township by one or more

000019

departments.  The purchase of these items is handled in accordance with the vendor of choice negotiations for that fiscal year, if applicable, and by individual departments unless otherwise noted.

- Office & operating supplies
- Furniture
- Printed Materials
- Paper Products
- Copiers, Facsimile Machines, Telephone Systems, Computers (IT Dept.)
- Vehicles
- Capital Equipment
- Medical Supplies & Equipment
- Law Enforcement Products
- Recreational equipment
- Refreshments for programs of a public nature/benefit

Contracts for Services

- Recreational Facilities/Equipment
- Design and Construction of Capital Projects (Architectural, Engineering, Construction Management or General Contractor Services)
- Personal Service (maintenance, automobile service, etc.)

Fluctuating Commodities

- Gasoline or diesel fuel (Sterling Heights consortium)
- Utilities, internet, phone and cable services

Procurement Expectations

Departments initiating purchases are responsible for providing full and open competition. In addition, these departments are responsible for maintaining the significant history of the procurement process, including the rationale for the method of procurement, selection of contract type, contractor selection or rejection, and the basis of the contractor price.

Research of Competitive Prices for purchases of $0 - $499.99

All departments are expected to make use of the internet, catalogs, sale papers and/or telephone query to ensure good value in their procurement of services or supplies. Employee work time is valuable and should not be used "to drive around" in search of the best deal.  Shipping & delivery are to be a part of all quotes.  Department Head approval, or their designee, is required for all purchases.

Competitive Quotes for purchases of $500 to $7499.99

Three quotations are to be secured by the department seeking service or supplies. The award can be made after the evaluation of the quotes without approval of the Township Board only if there are available dollars in the approved budget.  Quotes must be documented and maintained for 3 years in the department initiating the purchase.

Sealed Bids for all contracts for which the Township Board anticipates a total obligation of $7,500 or more.

A minimum of three sealed bids are secured through formal quotations subject to the requirements in the Township Resolution Establishing Competitive Bidding Policy (January 24, 1994).  Bids shall be opened in public at the time and place stated in the public notice. Where less than three bids are received, a written explanation by the department head shall be furnished to the Township Board.  The Township Board has sole authority to accept or reject any and all bids.  Bid documents should forwarded to the Clerk's Office and a duplicate copy should be maintained for 3 years in the department initiating the purchase.

Exceptions to the Competitive Bidding Requirement

1.    Intergovernmental contracts.

3

2.    Contracts for professional services.
3.    Emergency purchases of supplies or services when a threat to public health, welfare or safety exists.  In each instance as much competition as is practical under the circumstances shall be factored into the decision.  Written documentation specifying the nature of the emergency must be included in the contract file and approved on a retrospective basis.
4.    Change orders, additions or extensions to existing contracts where the Township Board determines that such action is reasonably necessary to meet the principal objectives of the original contract to be performed.
5.    Renewals of insurance contracts or other contracts where the Board makes one or more of the following determinations:
    a.    Renewal will assure that goods or services will be made available which otherwise may be unavailable at a reasonable cost as the result of absence of a long-standing contractual relationship.
    b.    Renewal will provide a long-term cost savings or long-term cost savings and additional services which otherwise are unavailable through competitive bidding.
    c.    Renewal will provide goods or services at a reasonable cost and avoid inconvenience and cost associated with changes in equipment, fixtures, or procedures resulting in costs associated with replacement, installation, training and other related changeover costs.  (E.g., computer software)
6.    Contracts with utilities including but not limited to telephone service.
7.    Contracts involving unique items, such as a particularized item of used equipment or demonstration item where no reasonable market exists for procuring additional quotes for substantially similar items.

Cooperative Purchasing & Bulk Mail

When possible, purchasing items included within cooperatively bid State, County and local contracts is encouraged.  These bid procedures should reflect the Township's procurement policies and procedures, including acquiring and maintaining evidence that an appropriate bid process was used and that the prices obtained do in fact tie back to the competitively bid contract.  This evidence must be maintained for 3 years in the department initiating the purchase.  The practice of merely having vendors indicate that the price is "contract pricing" is insufficient.
The United States Postal Service Bulk Mail options should be utilized whenever possible.  The Township has Permits for First-class Presort mail, Standard Mail, and Business Reply Mail (postage-paid return).

Payment Policy

The Township will seek to make payment within thirty (30) days under normal circumstances and barring any provisions to the contrary in the contract.  Vendor invoices should indicate purchase orders when applicable and must be authorized by the appropriate department head, with final approval being given by the Board of Trustees for all bills.  Early check releases are allowed on recurring bills payments (e.g. utilities, insurance & communications plans) to avoid late payment charges and in other limited circumstances when a written request by the originating Department is made, stating the reason for early release.  A request for early release must be approved by both the Finance Director and Treasurer, or their designees.

Ethical Conduct

Any attempt to realize personal gain through public procurement by conduct inconsistent with the proper discharge of the employee's duty is a breach of public trust.  Any effort by a vendor to influence any public employee or unethical conduct is also a breach of ethical standards.  It shall also be a breach of ethical standards for any individual, including an elected or appointed official, drawing a salary or wage from the Township, to become or be an employee or to have a financial interest in any entity contracting with the governmental body.  Financial interest is defined as ownership of any interest or involvement in any relationship from which, or as a result of which, a person within the past year has received or is presently or in the future entitled to receive, more than $100.00 per year, or its equivalent; ownership of 5% or more of any property or business; or holding a position in a business such as officer, director, trustee, partner, employee, or the like, or holding any position of management.  Any potential conflict must be disclosed to the Township Board of Trustees.  The Board of Trustees may allow for an

4

000021

exception to this rule by a majority vote.

Accounting Procedures


Requisitions

Under almost all circumstances, a requisition must be created within the MUNIS financial system to initiate a purchase.  It is the responsibility of the originator of the requisition to ensure that all appropriate information is forwarded and accurate.   Once the requisition has been entered it will be forwarded electronically to an authorized approver within the department.  Each required approver, beginning with the lowest level of approval to the highest, will be alerted by the MUNIS program that a requisition is awaiting approval.  Approval of a requisition is completed on-line in the MUNIS program by an authorized individual within the department.
The following items do not require purchase requisition and order, but must include appropriate back-up documentation showing proof of service or payment/overpayment:
a.                              Refunds (require copy of department's original receipt of payment)
b.                              Personal expense reimbursements (according to Travel & Expense Reimbursement Policy)
c.                              Utility & Phone bills
d.                              Mandated payments (bonds, leases)
e.                              Membership dues, Subscriptions
f.                              Contractual payments
g.                              Purchasing Card expenditures

Purchase Orders

Once a requisition is generated, completed and approved, it will be converted by the originator to a purchase order (PO), then posted and printed out.  The purchase order will be used to support payment for goods and services once they are received and/or completed. When the purchase order is posted, an encumbrance is posted to the general ledger account and the remaining budget is reduced by the amount of the purchase order.  It is the responsibility of each approver to maintain the status of all purchase orders within the department.  A purchase order remains open in MUNIS until such time as an invoice is received and entered for payment.
When the original invoice is received, it should be initialed by the department head or their designated approver and forwarded to the Accounting department with the purchase order attached.  If an invoice is received without a purchase order attached (see above exceptions), the invoice will be returned to the department for proper documentation. Once the PO and invoice is received in Accounting, it will be entered for payment and made ready for approval at the next Board meeting.  The check will be released or mailed on the next business day following the Board meeting.
If there are changes to the amount of the purchase order, the correct amount should be written on the purchase order.  If the purchase order is being partially paid, this should be noted on the purchase order so that the remaining balance is left open.

Authorized Purchasing Agents of the Township

Department Heads are responsible for identifying those individuals who are authorized to make purchases on behalf of the Township, initiate and approve requisitions, generate purchase orders and authorize payment.  Department Heads must advise the Accounting Office, in writing (electronic notification is acceptable), of the individuals who have been authorized to act at each step in their process.  The Accounting Office shall document and code the department's process into the MUNIS program, and provide the Treasurer's Office with a current list of payment approvers for internal auditing purposes.
As employees transition into or out of the Township, or take various forms of vacation or leave, changes to the department's process will need to be implemented.  Changes may be temporary in nature, long-term, or permanent.  In all instances, departments must notify the Accounting Office in writing (electronic notification is acceptable) of changes in their process at least one week prior to the needed change.  Documentation should include the period of time that the change will be in effect.  The Accounting Office will make the necessary changes in the MUNIS program and notify the Treasurer's Office of the change in

000022

payment approvers.  Failure to request appropriate changes in advance could result in a delay in purchasing goods and paying outstanding invoices.

Storage of purchasing/payment documentation

Original invoices, receipts and payment documentation will be filed in the Accounting office and made available for viewing or copying whenever needed by departments.

Purchases Under $10

Purchases under $10.00 should be made with petty cash or the Township Purchasing Card. Petty cash reimbursements will not require a purchase order but expenditures are to be individually listed on the Township Petty Cash Reporting Form with original itemized receipts attached.

Blanket Orders

Blanket purchase orders are used for repetitive items consumed over an annual period and are allowed within the program.  No commitment is made other than for goods and/or services ordered.  When the blanket purchase order has been completely spent, a new blanket requisition will be required at that time to accommodate additional purchases from that account.

Invoice Submission/Late Fees

Department Heads are responsible for the approval and submission of all invoices within 5 days of receipt to ensure adequate turn-around time for payment within thirty (30) days. Frequent late fees incurred as a result of a department's tardy submission of invoices can result in disciplinary action.

Tax Exemption

Department Heads are responsible for checking all invoices to ensure that we are not charged sales tax.  Copies of the Township tax exempt form are available from the Accounting department.

Auditing of Invoices

All invoices are subject to audit.  Audits will confirm lawful township purpose of expense, supporting documentation (original itemized invoices/receipts), department head approval and bidding policy compliance when applicable.
It is the responsibility of the approving department head to ensure the completeness of all documentation submitted for payment. Receipts must be provided for all expenditures and are to be reviewed prior to an expense report being approved.
Errors found as a result of audit will require corrective measures to be taken by the approving department head.  Ongoing errors/incomplete documentation being submitted by a department head, disregard for Township Policy, or altering of receipts will result in disciplinary action up to and including termination.

ANNUAL LIST OF VENDORS OF CHOICE

The Township will identify items that are repetitively consumed township-wide over an annual period and negotiate annually for the best possible pricing available for the collective purchases.  All departments, including Police and Fire, will be required to utilize the vendors of choice where identified.
Items to be negotiated for a preferred vendor:
a.                                    Office supplies
b.                                    Copy paper, regular envelopes
c.                                     Toilet paper, C-fold paper towels
d.                                    First Aid supplies
Note: Only those supplies required for emergency first aid are to be purchased, not convenience items for employees that may in fact carry liability issues when dispensed.
e.                                    Fire Extinguisher annual checks
f.                                     Printing of non-specialized items
Examples: business cards, flyers, township stationery & envelopes

6

000023

_____

000024