UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DEAN REYNOLDS

    Defendant.
_____/

Case No. 2:16-cr-20732
Hon. Robert H. Cleland
Magistrate Judge Elizabeth A. Stafford

**REPLY BRIEF IN SUPPORT OF REFRESHED MOTION OF DEAN REYNOLS UNDER 28 U.S.C. § 2255 TO VACATE SENTENCE**

Dean Reynolds had a Fifth Amendment right to selectively testify as well as a general right to testify without restriction; that is, he had the right to choose to testify in his own defense as to certain of the fourteen counts charged against him and to exercise his right *not* to testify in his own defense as to other of those counts, likewise arising under the Fifth Amendment; this has been well established hornbook law in our federal courts of appeals across the nation for many decades and, thus, should have been well known to Dean's trial counsel, Stephen Rabaut, as well as all federal criminal practitioners both within and outside of our state. *United States v Bon'ker*, 372 F.3d 365, 385 (6th Cir. 2004), *vacated on other grounds*, 543 U.S. 1182 (2005); *United States ex rel. Tarallo v LaVallee*, 433 F.2d 4, 5-6 (2d Cir. 1970), *cert. denied sub nom. Tarallo v. LaVallee*, 403 U.S. 919

1

(1971)(defendant in motion to sever presented fact that he had to decide between testifying as to one robbery charge or another); *see also United States v Little Dog*, 398 F.3d 1032, 1032 (8th Cir. 2005)(denial of defendant's right to free choice to testify in defense of bribery charges and not in defense of other charges seriously prejudiced the result by taking away from him "an appreciable chance for an acquittal [on the bribery charge], a chance that [he] would have had in a severed trial"); *State v Perez*, 322 Conn. 118, 137-138, 140; 139 A.3d 654 (2015) (same) ("[w]ithout an effective rebuttal by the defense, the states' proof that the defendant had received a benefit from Costa in exchange for official acts was quite strong;" to rebut an untruth, the defendant's testimony was required")(defendant's own testimony was "absolutely critical for the jury's complete assessment of . . . his intent . . . [and] because he is the sole source of information on these points"); *Cross v United States*, 335 F.2d 987, 989 (D.C. Cir. 1964)(joinder of unrelated criminal charges can cause unfair prejudice when it "embarrasses or confounds an accused in making his defense;" such prejudice "may develop when an accused wishes to testify on one but not the other of two joined offenses which are clearly distinct in time, place and evidence*"*); *Baker v United States*, 401 F.2d 958, 976 (D.C. Cir. 1968)("[B]ecause of the unfavorable appearance of testifying on one charge while remaining silent on another, and the consequent pressure to testify as to all or none, the defendant may be confronted with a dilemma: whether, by

2

remaining silent, to lose the benefit of vital testimony on one count, rather than risk the prejudice (as to either or both counts) that would result from testifying on the other"); *United States v Sampson*, 385 F.3d 183, 190-193 (2d Cir. 2004), *cert. denied*, 544 U.S. 924 (2005)(defendant prejudiced when proposed testimony could have refuted state's evidence as to his identity as perpetrator of drug sale); *United States v Jordan*, 112 F.3d 14, 17-18 (1st Cir.), *cert. denied*, 522 U.S. 923 (1997) (defendant prejudiced when the testimony he proposed to give as to his subjective intent could have made out a good faith defense to tax fraud; testimony by his attorney in his defense was not effective substitute).

These principles are especially crucial in the present case as the decision whether to testify, and whether to testify selectively, are uniquely the sole province of the client; the failure of counsel adequately to inform the client of all such rights and the salient contours of those rights as applied to his case falls squarely within the realm of "client autonomy." Thus, in such cases, where defense counsel "failed to perform a task that was either necessary to assist the client in making decisions that were reserved to the client" or where defense counsel's actions or inaction were the result of his clearly erroneous understanding of the law, the courts will apply a conclusive presumption of deficient performance requiring that the conviction be vacated for ineffective assistance of counsel. *Roe v Flores-Ortega*, 528 U.S. 470, 477-480 (2000); *see also* E. Brensike Primus, *Disaggregating*

3

*Ineffective Assistance of Counsel Doctrine: Four Forms of Constitutional Ineffectiveness*, 72 Stanford L. Rev. 1581, 1629 (2020).

For facts pertinent to this analysis, see Dean's Declaration dated February 21, 2023 incorporated by reference as though fully set forth herein and submitted herewith in support of his renewed motion, in which he details the utter lack of guidance from Rabaut specifically in this area, as well as in others.

                                          Respectfully submitted,

                                          CRANBROOK LAW GROUP. P.C.

                                          By /s/ Barry R. Powers
                                          Counsel for Defendant

DATED: February 21, 2023